**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL CANNON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-26-CV-257-ADA-ML** |
| | § | |
| **SOUTHERN MAIL SERVICE,** | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court is the above-captioned matter.[1] Defendant Southern Mail Service ("SMS") was ordered to attend a Rule 16 initial pre-trial conference ("IPC") on June 15, 2026, and a show cause hearing on July 9, 2026. Because SMS failed to appear at either hearing as required, the undersigned recommends the District Judge enter an interlocutory default judgment against SMS.

## I. BACKGROUND

On December 19, 2026, Plaintiff Carl Cannon sued SMS for employment discrimination, seeking $200,000 in damages including back pay. Dkt. 6-1 at 4. SMS appeared and moved to dismiss Cannon's Complaint in state court before removing this case to federal court on February 3, 2026. Dkt. 1. After the parties filed competing, non-viable proposed scheduling orders with the court, the undersigned ordered the parties to file a joint proposed scheduling order. Dkt. 11. SMS did not submit a proposed scheduling order, joint or unilateral, and filed a response that stated only, "Defendant contacted Plaintiff twice. Plaintiff refused to participate." Dkt. 13. Thereafter,

[1] All matters in this case were referred by United States District Judge Alan D Albright to the undersigned for resolution or report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 2.

the court ordered Cannon and SMS to attend a Rule 16 IPC on June 15, 2026. Dkt. 16. The court's order setting the IPC ordered that Defendant "be prepared to **SHOW CAUSE** at the initial pretrial conference as to why it should not be sanctioned for failure to comply with a court order." *Id.* at 2. Both parties were duly notified of the IPC, and Cannon appeared in person. SMS failed to appear. This failure prompted the court to schedule a show cause hearing for July 9, 2026. Dkt. 19. SMS was directed to appear at this hearing and show cause as to why SMS "should not be sanctioned for these individual and collective failures." *Id.* at 2. However, SMS failed to appear at the show cause hearing and has not communicated with the court regarding its absence.

## II. LEGAL STANDARD

Rule 16(f) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f). Among the sanctions contemplated by this rule is an order "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(vi).

The court has a "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). But that discretion is "limited"; "[u]sually . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.* (citation modified). The entry of a default judgment is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (quoting *Durham v. Florida East*

*Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). Additionally, the court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988)).

## III. ANALYSIS

The record in this case documents a clear history of delay and contumacious conduct. SMS was ordered to appear at a Rule 16 IPC on June 15, 2026, and a show cause hearing on July 9, 2026. Both times, SMS was warned that the failure to appear may result in the imposition of sanctions. *See* Dkts. 16, 19. SMS did not attend the IPC or the show cause hearing and has not communicated with the court regarding its absence. Furthermore, the court notes that SMS appeared in this case, filed a motion to dismiss in state court, removed this case to federal court, and then chose to stop participating in this suit, with no proffered cause, despite being provided every possible opportunity to participate. The undersigned finds that such conduct is willful and severely prejudicial to Cannon because he is left unable to advance his claims in the wake of SMS's refusal to participate. Accordingly, the undersigned finds that such conduct justifies the imposition of extreme sanctions. *See, e.g., Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *R. & R. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing).

The court has considered lesser sanctions. However, as Cannon is proceeding *pro se*, attorney's fees are not a practicable sanction, although condoned by Rule 16. *See* FED. R. CIV. P. 16(f)(2). Furthermore, SMS never filed an answer to Cannon's Complaint, and thus, there are no

pleadings to strike. *See* FED. R. CIV. P. 37(b)(2)(A)(iii). SMS's refusal to participate in this litigation has left the court with no other mechanism by which to resolve this dispute. Accordingly, the court finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. No sanction short of a default judgment would enable this case to proceed against SMS.

## IV. RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge impose sanctions under Rule 16(f) and enter an interlocutory default judgment against SMS on the issue of liability.

Should the District Judge adopt the preceding recommendation, the undersigned **RECOMMENDS** the District Judge **ORDER** Cannon to submit evidence to the court on the issue of **damages** and to **move for the entry of a final default judgment** against SMS within **two weeks** of the District Judge's adoption of this report.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED July 9, 2026.

MARK LANE
UNITED STATES MAGISTRATE JUDGE